10-3426-cv
Jan Nesom v. Charles Thomas Straney

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of September, two thousand eleven,

Present:      ROSEMARY S. POOLER,
              BARRINGTON D. PARKER,
              DENNY CHIN,
                        *Circuit Judges*.

_____

JAN NESOM,
                        *Defendant-Appellee*,

              -v-                                        10-3426-cv

CHARLES THOMAS STRANEY, MICHAEL STRANEY,
JOANNE STRANEY, RACHEL STRANEY, JEFFREY
ALAN STRANEY, NAOMI P. STRANEY,

                        *Counter-Defendants-Appellants.[1]*

_____

Appearing for Appellee:      Scott Barbour, McNamee, Lochner, Titus & Williams, P.C.
                             Albany, N.Y.

Appearing for Appellants:    Marc Goldberg, Phillips Lytle, LLP. Albany, N.Y.

        Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

_____

[1]We direct the Clerk of Court to amend the official caption of this case to reflect the parties' designations herewith.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellants moved for summary judgment as to the effect of a divorce settlement agreement on several life insurance policies' beneficiary designations. They sought to have all policy proceeds distributed to certain of the appellants and to invalidate the designation of appellee as a beneficiary of the policies. Appellee filed a cross motion for summary judgment seeking to have the policy proceeds distributed in accordance with the beneficiary designations made by the now-deceased policy holder. Appellants' motion for summary judgment was denied, and appellee's cross motion for summary judgment was granted. On appeal, appellants assert that summary judgment should have been granted in their favor. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Appellants first assert that the parties to the settlement agreement agreed that their four children could be the only beneficiaries to their parents' life insurance policies. The parties agreed that the agreement was to be construed according to Virginia law. Accordingly, we must apply that state's requirements: "[W]here an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself." *Berry v. Klinger,* 300 S.E.2d 792, 796 (Va. 1983) (alteration in original) (quoting *Globe Iron Constr. Co. v. First Nat'l Bank of Bos.*, 140 S.E.2d 629, 634 (Va. 1965)) (internal quotation mark omitted). The plain language of the settlement allows for the possibility of beneficiaries other than the children of the parties to the settlement. Likewise, the agreement places no limitation on how those beneficiaries would be permitted to use their proceeds. There is no question of material fact as to these issues; summary judgment in favor of appellee was appropriately granted.

Appellants also assert that the agreement's provision that "[l]ife insurance coverages in favor of the children as beneficiaries may be ratably reduced by 25% as each child attains the age of twenty-three" means that no child can be completely eliminated from coverage, whatever their age. Virginia's highest court has stated that courts are "to construe a contract as a whole, considering every word and every paragraph, *if there is a sensible construction that can be given.*" *Dowling v. Rowan*, 270 Va. 510, 518 (Va. 2005) (emphasis added). Here, the only sensible construction of the ambiguous "ratable reduction" provision is that the parties intended to remove each child from coverage at the age of 23. There are no genuine questions of material fact as to this issue. Summary judgment for appellee was appropriately granted.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2